# In the United States Court of Federal Claims

No. 14-497C
(E-Filed: May 3, 2017)

|  |  |  |
|---|---|---|
| JOSE MENDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Confidential Informant; Statute of |
| | ) | Limitations; 28 U.S.C. §2501 (2012); |
| v. | ) | Subject-Matter Jurisdiction; RCFC |
| | ) | 12(h)(3). |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Kenneth Foard McCallion, New York, N.Y., for plaintiff.

Alexander Orlando Canizares, Trial Attorney, with whom were Joyce R. Branda, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Bryant G. Snee, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

OPINION

CAMPBELL-SMITH, Judge

Before the court is defendant's amended motion for summary judgment on plaintiff's amended complaint. Def.'s Am. Mot., ECF No. 60. Defendant asserts that it is entitled to judgment as a matter of law under Rules 12(b)(1), 12(b)(6), and 56 of the Rules of the United States Court of Federal Claims (RCFC or Rule). Because all of plaintiff's claims in the amended complaint are barred by the statute of limitations, defendant's motion is **GRANTED**.

I.   Background

Plaintiff, Jose Mendez (Mendez or Plaintiff), seeks compensation or restitution for the information and services he provided to the government in connection with the Battle

case "in an amount to be determined at trial."[1]  Pl.'s Am. Compl., ECF No. 57, ¶ 94,.
Mendez alleges that, despite his contributions as a confidential informant, the
government reneged on its alleged agreement to protect him and to use its "best efforts"
to recommend him for a monetary award.  Id. at ¶¶ 19, 57, 79-83, 87-91.

     In his original complaint, Mendez asserted seven counts. Pl.'s Compl., ECF No. 1,
¶¶ 27–50.  Defendant filed a motion to dismiss plaintiff's original complaint.  See ECF
No. 12.  In plaintiff's opposition to defendant's motion to dismiss, plaintiff agreed to
dismiss, voluntarily and without prejudice, Count I (declaratory judgment) and Counts IV
through VII (unjust enrichment, promissory estoppel, equitable lien, and fraud).  See Pl.'s
Mem. in Opp'n (Pl.'s Opp'n), ECF No. 18, at 2 n.1.  Counts II and III, in which he
respectively alleged breach of express or implied-in-fact contract and breach of the
implied duty of good faith and fair dealing, survived defendant's motion to dismiss.  Op.
& Order on Mot. to Dismiss (Op. & Order), ECF No. 25.

     In denying defendant's motion to dismiss, the court held that based on the record
before it, plaintiff's claims fell within the court's jurisdiction.  The court converted
defendant's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment.
Op. & Order 20.  The court explicitly reserved the right to revisit defendant's
jurisdictional challenge under 28 U.S.C. § 2501 (2012), and deferred giving defendant's
Rule 12(b)(6) motion further consideration until after the parties completed some
discovery.  Id. 16-20.  The court also set a schedule for summary judgment briefing.
Order, ECF No. 29.

     After the parties had conducted certain discovery, defendant filed a motion for
summary judgment.  Def.'s Mot. for Summ. J., ECF No. 46.  Once defendant filed that
motion, plaintiff moved to amend the complaint.[2]  Pl.'s Mot. to Am. Compl., ECF No.
52.  The court granted plaintiff's motion and set a revised briefing schedule for
dispositive motions.  See ECF No. 56.

     Plaintiff's amended complaint was materially different from his initial one.
Compare Pl.'s Compl., with Pl.'s Am. Compl, ECF No. 57.  In the amended complaint,

---

[1]    A summary of the Battle case and Mendez's role in the related investigation was
previously provided in the court's motion to dismiss opinion.  See Op. & Order on Mot.
to Dismiss 2-3, ECF No. 25.

[2]    Plaintiff filed his initial motion to amend the complaint along with a response to
defendant's motion for summary judgment.  ECF No. 49 & 50.  However, the court noted
several deficiencies with plaintiff's filings and struck them.  Order, ECF No. 51.  The
court suspended the schedule for dispositive briefs and directed plaintiff to refile his
motion to amend alone so that defendant could respond.  Id.

plaintiff made the claim that defendant had breached its promise to protect him.  Pl.'s Am. Compl., ¶¶ 80, 88.   Plaintiff also recharacterized the alleged agreement he had with defendant as one for "best efforts" rather than one for payment.  Pl.'s Am. Compl. ¶¶ 12-19.

Defendant filed an amended motion for summary judgment.  Def.'s Am. Mot. 1; Def.'s Reply, ECF No. 74.[3]  Again defendant argued that Mendez had failed to prove the existence of an enforceable contract.  Def.'s Am. Mot. 1.  Defendant reasserted its earlier Rule 12(b)(1) and 12(b)(6) challenges to plaintiff's action.  Id.  Plaintiff opposed defendant's motion.  Pl.'s Resp., ECF No. 62[4]; Pl.'s Surreply, ECF No. 75.  Plaintiff maintained his view that he was entitled to monetary damages for the broken promises.  Id. passim.

Defendant subsequently filed a notice of additional authority directing the court's attention to the issuance of a decision in the related case, Marchena v. United States, No. 16-76C (Fed. Cl. Dec. 12, 2016).[5]  Both parties had relied on this case in their motion for summary judgment briefing.  Def.'s Notice, ECF No. 76.  The court ordered the parties to file supplemental briefs addressing what implications, if any, the Marchena opinion had on their arguments.  Order for Supp'l Br., ECF No. 77.  In compliance, the parties filed their respective briefs.  Pl.'s Supp'l Br., ECF No. 79; Def.'s Supp'l Br., ECF No. 80.

The matter is now ripe for a ruling.

II.     Legal Standards

The Tucker Act vests this court with jurisdiction to hear claims against the United States founded upon an "express or implied contract." 28 U.S.C. § 1491(a)(1) (2012); Trauma Serv. Grp. v. United States, 104 F.3d 1321, 1324 (Fed. Cir. 1997).  For purposes of Tucker Act jurisdiction, an alleged contract enjoys the presumption that money

---

[3]     Defendant filed its initial reply on September 28, 2016 and then filed an unopposed motion to file a corrected reply to address two minor errors.  Def.'s Reply on Summ. J., ECF No. 68; Def.'s Mot. to Correct, ECF No. 70.  The court granted defendant's motion and struck defendant's original reply.  ECF No. 72.  Defendant thereafter filed a corrected reply.  Def.'s Reply, ECF No. 74.

[4]     Plaintiff first filed its response without an appendix.  See ECF No. 61.  Plaintiff promptly refiled his response with the inadvertently omitted appendix.  Pl.'s Resp., ECF No. 62.  The court refers herein to the refiled response.

[5]     This case is currently on appeal at the United States Court of Appeals for the Federal Circuit.  Marchena v. United States, No. 17-1476 (Fed. Cir).

damages are available for a breach.  Holmes v. United States, 657 F.3d 1303, 1314 (Fed. Cir. 2011).

A plaintiff seeking to establish jurisdiction in this court under the Tucker Act must show that such claim accrued within six years of the date upon which the action was filed.  See 28 U.S.C. § 2501 (2012); John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-35 (2008) (providing that the six-year limitations period is an "absolute" limit on the ability of the Court of Federal Claims to reach the merits of a dispute).  The six-year statute of limitations set forth in 28 U.S.C. § 2501 "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed."  Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988); see also Kirby v. United States, 201 Ct. Cl. 527, 1973 WL 21341 (1973).  Thus, upon finding at any time that it does not have jurisdiction over an action, the court must dismiss it.  RCFC 12(h)(3).

III.    Discussion

Before addressing the merits of an action, the "court must satisfy itself that it has jurisdiction to hear and decide a case."  Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting PIN/NIP, Inc. v. Platte Chem. Co., 304 F.3d 1235, 1241 (Fed. Cir. 2002) (in turn citing View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997))).  "Because the statute of limitations affects this court's subject matter jurisdiction—rather than being an affirmative defense—the requirement is strictly construed and under no circumstances may it be waived by the court."  Martinez v. United States, 48 Fed. Cl. 851, 857 (2001) (citing Laughlin v. United States, 22 Cl. Ct. 85, 99 (1990), aff'd, 975 F.2d 869 (Fed. Cir. 1992)); FloorPro, Inc. v. United States, 680 F.3d 1377, 1380-81 (Fed. Cir. 2012) (holding that the limitations period imposed by section 2501 is "jurisdictional and may not be waived or tolled"); see also Alder Terrace Inc. v. United States, 161 F.3d 1372, 1376-77 (Fed. Cir. 1998); Hart v. United States, 910 F.2d 815, 817 (Fed. Cir. 1990).

It is well settled that a "claim accrues when all events have occurred that fix the alleged liability of the Government and entitle the plaintiff to institute an action." Creppel v. United States, 41 F.3d 627, 631 (Fed. Cir. 1994) (quoting Japanese War Notes Claimants Ass'n v. United States, 373 F.2d 356, 358 (Ct. Cl. 1967)); Patton v. United States, 64 Fed. Cl. 768, 774 (2005) (quoting Kinsey v. United States, 852 F.2d 556, 557 (Fed. Cir. 1988)).  "A claim does not accrue, however, 'unless the claimant knew or should have known that the claim existed.'"  Id. (quoting Kinsey, 852 F.2d at 557 n.*); see also Banks v. United States, 741 F.3d 1268, 1279-80 (Fed. Cir. 2014) ("The accrual of a claim against the United States is suspended, for purposes of 28 U.S.C. § 2501, until the claimant knew or should have known that the claim existed.").

4

The court previously held that the statute of limitations began to run on or about January 14, 2010, when the final judicial order of forfeiture was entered.  Op. & Order 17 (citing Def.'s Mot. at Ex. 2 (Forfeiture Orders); Tr. 16:9-20 (explaining significance of the 2010 final order of forfeiture)).  The court cautioned, however, that its opinion was not final stating:

> [T]he court does not discount the possibility that the weight of the evidence will shift if subsequent discovery reveals, <u>inter alia</u>, that Mendez's right to payment accrued earlier or that he knew or should have known earlier that the government would not honor the allege[d] agreement . . .  The parties are forewarned, therefore, that the court may revisit the limitations issue at a later date if the evidence so warrants.

Op. & Order 17 (internal citations omitted).  The court finds that the evidence presently before it – after a circumscribed period of discovery – compels it to revisit defendant's statute of limitations arguments.

The parties now agree that, by email communication, lead prosecutor in the Battle case, Assistant United States Attorney (AUSA) Juan Antonio Gonzalez, expressly refuted on January 25, 2006, the existence of any "agreement."  Pl.'s Resp. 25 (acknowledging this email as the first denial of an agreement); Pl's App'x 294-95, ECF No. 62-2[6]; Def.'s Am. Mot. 18.  In that communication, AUSA Gonzalez clearly related to Mendez's attorney the position that no agreement existed other than a "promise" to maintain Mendez's name in confidence for as long as possible.  In particular, AUSA Gonzalez wrote:

> Your letters have repeatedly mentioned various "agreements" entered into by the Government and [Mendez] . . .  I have never spoken to you concerning this nor much less entered into any type of agreement . . .  After first stating that you and I had entered into an agreement, your position then morphed into an "agreement" entered into by you and Assistant United States Attorney Robert Lehner on behalf of the United States Attorney's Office.  Mr. Lehner has repeatedly told me that no such agreement had been made.  Your letter of September 21, 2005 now speaks of "agreements" with the Government entered into by Bob O'Bannon of the Department of State (DSS) after consultation and approval by David Shanks.  However, Mr. Shanks confirms that he has never entered into or acquiesced to any agreement on behalf of the United States Attorney's Office . . . [Y]ou should know that only an Assistant United States Attorney has the right to enter into any such agreement on behalf of the United States Attorney's

---

[6]  Because plaintiff's appendix contains more than one Bates stamp, the court refers to the ECF page numbers instead.

> Office. Certainly neither Robert O'Bannon, a DSS agent, nor David Shanks, a retired local police officer, have the authority to bind the United States . . . no agreement has ever been entered into on the part of the United States Attorney's Office . . . . The only thing ever "promised" to [Mendez] is that we would do everything possible not to let the defense know that [he] may be [among the] witnesses in the case until the last possible moment.

Pl's App'x 294-95.

Upon receipt of this explicit denial of the existence of any agreement between the parties, plaintiff would have or should have been made aware that defendant was not willing to honor the alleged terms on which plaintiff based his expectations. See Kinsey, 852 F.2d at 557 n.*. The court finds that, based on the preponderant evidence now before it, plaintiff's breach of contract claim accrued on the date AUSA Gonzalez sent an email to Mendez's counsel refuting the agreement. Creppel, 41 F.3d at 631. Because plaintiff's claim was filed here in 2014, more than seven years later, it is untimely under 28 U.S.C. § 2501. Accordingly, plaintiff's case must be **DISMISSED** under RCFC 12(h)(3).

IV. Conclusion

For the reasons set forth above, defendant's amended motion for summary judgment, ECF No. 60, is **GRANTED** and plaintiff's complaint is **DISMISSED** with prejudice. The Clerk of Court is directed to enter judgment accordingly.

    IT IS SO ORDERED.

    s/ Patricia Campbell-Smith
    PATRICIA CAMPBELL-SMITH
    Judge